[791 NYS2d 837]

In the Matter of MERIC ADLEY UNDERWEISER, an Attorney, Resignor.

Second Department, April 4, 2005

**APPEARANCES OF COUNSEL**

*Perini & Hoerger*, Hauppauge (*Raymond G. Perini* of counsel), for resignor.

*Faith Lorenzo*, Hauppauge (*Robert A. Green* of counsel), for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Meric Adley Underweiser has submitted an affidavit dated October 26, 2004, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Underweiser was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 30, 1991.

Mr. Underweiser avers that he has been informed by the Grievance Committee for the Tenth Judicial District that evidence of his professional misconduct has been adduced by the Grievance Committee's ongoing investigation and that charges would be prosecuted against him in a disciplinary proceeding to be recommended to the Court. From approximately April 2004 through July 2004, Mr. Underweiser was entrusted with funds belonging to Jay Lieberman and Janis Glick relating to a real estate transaction. Those funds were to be held in escrow by Mr. Underweiser. During that time, Mr. Underweiser admittedly failed in his obligation to properly maintain and preserve at least $57,250 of those funds during the period they were entrusted to him.

Mr. Underweiser acknowledges his inability to successfully defend himself on the merits of any charges asserted by the Grievance Committee based on the facts and circumstances alleged herein. In accordance with 22 NYCRR 691.9 and cognizant of the Grievance Committee's investigation, Mr. Underweiser requests that his resignation be accepted by the Court. Mr. Underweiser avers that his resignation was freely and voluntarily tendered and that he was not being subjected to coercion or duress by anyone.

Mr. Underweiser has discussed his decision to resign with others whose advice and counsel he respects and is fully aware of the implications of its submission, including being barred by Judiciary Law § 90 from seeking reinstatement for at least seven years. The resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a). He acknowledges the continuing jurisdiction of the Appellate Division, Second Department, to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Counsel for the Grievance Committee notes that charges against Mr. Underweiser would include allegations that he failed

to preserve $57,250 entrusted to him for the benefit of clients Jay Lieberman and Janis Glick. Mr. Underweiser failed to maintain those funds from approximately April 2004 through July 2004. The Grievance Committee recommends acceptance of Mr. Underweiser's resignation.

Inasmuch as the proffered resignation complies with all appropriate Court rules, it is accepted, and, effective immediately, Meric Adley Underweiser is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and SANTUCCI, JJ., concur.

Ordered that the resignation of Meric Adley Underweiser is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Meric Adley Underweiser is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Meric Adley Underweiser shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Meric Adley Underweiser is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Meric Adley Underweiser has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).